MONROE, APPELLANT, *v.* JACKSON, WARDEN, APPELLEE.

[Cite as *Monroe v. Jackson,* 119 Ohio St.3d 344, 2008-Ohio-4480.]

(No. 2008–0651—Submitted August 26, 2008—Decided September 10, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petitioner did not comply with the commitment-paper requirement of R.C. 2725.04(D) and raised a claim that is not cognizable in habeas corpus, we affirm.

{¶ 2} Appellant, Louis Monroe, filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus to compel appellee, Warren Correctional Institution Warden Wanza Jackson, to release him from prison. Monroe claimed entitlement to the requested relief because of an allegedly defective criminal complaint, which led to his arrest, indictment, and subsequent conviction and sentence. Monroe did not attach a copy of his sentencing entry to his petition. The warden filed a motion to dismiss, and the court of appeals granted the motion and dismissed the petition.

{¶ 3} The court of appeals properly dismissed Monroe's petition. The petition was fatally defective and subject to dismissal because Monroe did not attach his commitment papers. *Day v. Wilson,* 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 4; R.C. 2725.04(D).

{¶ 4} Moreover, " '[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700

N.E.2d 590. An extraordinary writ cannot challenge the validity or sufficiency of a charging instrument, and Monroe has an adequate remedy in the ordinary course of law by appeal to raise his claim that the criminal complaint was defective. See *State ex rel. Elko v. Suster*, 110 Ohio St.3d 212, 2006-Ohio-4248, 852 N.E.2d 731, ¶ 3.

{¶ 5} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Louis Monroe, pro se.

Nancy Hardin Rogers, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.