[Cite as *Lloyd v. Robinson*, 2014-Ohio-4977.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| DAMON SHAWN LLOYD, | : | Case No. 14CA3452 |
| Petitioner-Appellant, | : | |
| v. | : | DECISION AND <br> JUDGMENT ENTRY |
| NORM ROBINSON, | : | |
| Respondent-Appellee. | : | **RELEASED: 11/4/2014** |

APPEARANCES:

Damon Shawn Lloyd, Chillicothe, Ohio, pro se appellant.

Michael DeWine, Attorney General, Columbus, Ohio, and William H. Lamb, Assistant Attorney General, Cincinnati, Ohio, for appellee.

Harsha, J.

{¶1}    After being convicted of murder with a firearm specification and sentenced to prison, Damon Shawn Lloyd unsuccessfully appealed to the 12th District Court of Appeals.  Lloyd subsequently filed a petition for a writ of habeas corpus to compel the warden of the Chillicothe Correctional Institution to release him from prison.  The trial court granted the warden's Civ.R. 12(B)(6) motion to dismiss the petition for failure to state a claim upon which relief can be granted.

{¶2}    Lloyd asserts in his first assignment of error that the trial court erred in dismissing his habeas corpus petition for lack of commitment papers.  We reject Lloyd's contention because he failed to attach the required copies of his commitment order as required by R.C. 2725.04(D); this rendered his petition fatally defective and subject to dismissal.

{¶3}   In his second assignment of error, Lloyd contends that the trial court erred in determining that his habeas corpus claim was barred by res judicata.  Lloyd is incorrect.  Because he could have raised it in his criminal case and direct appeal, res judicata barred Lloyd from raising his substantive claim that his indictment was defective due to irregularities in the grand jury process.

{¶4}   In his third assignment of error Lloyd claims that the trial court erred in determining that his challenge to the indictment based on flaws in the grand jury proceeding was not cognizable in habeas corpus.  Lloyd's claim is meritless because habeas corpus is not available to challenge the validity of an indictment.

{¶5}   Therefore, we overrule Lloyd's assignments of error and affirm the judgment of the trial court dismissing his petition for extraordinary relief in habeas corpus.

## I. FACTS

{¶6}   In November 2006, Lloyd shot and killed David Richardson at Lloyd's residence in Warren County, Ohio.  A grand jury indicted Lloyd of one count of murder with a firearm specification.  Following a bench trial the Warren County Court of Common Pleas rejected Lloyd's claim of self-defense, convicted him of the charges, and sentenced him to an aggregate prison term of 18 years to life.  In an appeal in which Lloyd was represented by counsel, the Twelfth District Court of Appeals affirmed. *State v. Lloyd*, 12th Dist. Warren Nos. CA2007-04-052 and CA2007-04-053, 2008-Ohio-3383.  The Supreme Court of Ohio did not allow his discretionary appeal from the court of appeals' judgment.  *State v. Lloyd*, 120 Ohio St.3d 1454, 2008-Ohio-6813, 898

N.E.2d 968. Lloyd did not contend in either his criminal case or his direct appeal that his indictment was defective because of irregularities in the grand jury proceeding.

{¶7} Over five years later in February 2014, while he was an inmate at Chillicothe Correctional Institution, Lloyd filed a petition in the Ross County Court of Common Pleas for a writ of habeas corpus to compel Warden Robinson to release him from custody. Lloyd claimed that his conviction and sentence were illegal because he was indicted based on the unlawful testimony of his wife during the grand jury proceeding. Lloyd contended that his wife was coerced by the state into testifying without being advised of her right to invoke her spousal privilege not to testify against him. Lloyd did not attach a copy of his commitment papers, i.e., sentencing entry, to his petition. The warden filed a Civ.R. 12(B)(6) motion to dismiss the petition for failure to state a claim upon which relief can be granted, and Lloyd filed a memorandum in opposition.

{¶8} The trial court granted the warden's motion and dismissed the petition for failure to state a claim upon which relief can be granted. The trial court determined that (1) Lloyd did not comply with R.C. 2725.04(D) by attaching his commitment papers to his petition, (2) res judicata barred Lloyd's claims, and (3) habeas corpus was not available to remedy his claim attacking the validity of his indictment. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶9} Lloyd assigns the following errors for our review:

1. The habeas court erred in dismissing appellant's petition for writ of habeas corpus.

2. The habeas court erred in determining appellant's claims for relief were barred by res judicata.

3. The habeas court erred in determining that appellant's claims for relief were barred from being presented; due to prosecutorial misconduct and violations of spousal privilege constituting plain errors in the grand jury and indictment process.

## III. STANDARD OF REVIEW

**{¶10}** "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10. This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus").

## IV. LAW AND ANALYSIS

**{¶11}** In his first assignment of error Lloyd asserts that the trial court erred in dismissing his petition based on his failure to attach his commitment papers to the petition. The trial court correctly found that Lloyd failed to attach a copy of his

commitment papers to his petition and thus failed to comply with R.C. 2725.04(D). "This omission renders the petition fatally defective and subject to dismissal." *Fugett v. Turner*, 140 Ohio St.3d 1, 2014-Ohio-1934, 14 N.E.3d 984, ¶ 2. And although Lloyd later attached his sentencing entry to his memorandum in opposition to the warden's motion to dismiss, this did not cure the fatal defect. *See Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 4; *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998).

{¶12} Lloyd contends that he gave all the applicable documents, including his sentencing entry, to prison officials for mailing, but for some unknown reason, they did not reach the trial court for filing. However, the record does not support this contention. And we cannot add matter to the record before us that was not part of the trial court's proceeding and then decide this appeal on the basis of the new matter. *See North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶ 7 (applying this principle in an appeal from the dismissal of a habeas corpus petition). We overrule Lloyd's first assignment of error.

{¶13} In his second assignment of error Lloyd asserts that the trial court erred in determining that the claims he raised in his habeas corpus petition were barred by res judicata. Res judicata barred Lloyd from raising those claims that he could have raised in his criminal case and direct appeal. *See, e.g., Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 11; *McClellan v. Mack*, 129 Ohio St.3d 504, 2011-Ohio-4216, 954 N.E.2d 123, ¶ 2. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any

defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Burton*, 4th Dist. Gallia No. 13CA12, 2014-Ohio-2549, ¶ 17.  We overrule Lloyd's second assignment of error because Lloyd clearly could have raised any irregularities in the grand jury process in his direct appeal.

{¶14} In his third assignment of error Lloyd asserts that the trial court erred in determining that his claims regarding the grand jury process were not cognizable in habeas corpus.  Lloyd's claim is meritless.  Habeas corpus is not available to remedy claims concerning the validity of an indictment.  *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4.  In addition, " '[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' "  *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998); *see also Monroe v. Jackson*, 119 Ohio St.3d 344, 2008-Ohio-4480, 894 N.E.2d 43, ¶ 4.  An extraordinary writ like habeas corpus cannot challenge the validity or sufficiency of the charging instrument, e.g., an indictment.  Moreover, Lloyd had an adequate remedy in the ordinary course of law by his criminal case and direct appeal to raise his claim that the indictment was defective due to the alleged coerced testimony of his wife at the grand jury proceeding.  *Id.*  We overrule Lloyd's third assignment of error.

V. CONCLUSION

{¶15}    The trial court properly dismissed Lloyd's habeas corpus petition for failure to state a claim upon which relief can be granted.  Even after assuming the veracity of the allegations of his petition and construing them and all reasonable inferences therefrom most strongly in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**