[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Elder v. Camplese,* Slip Opinion No. 2015-Ohio-3628.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3628

THE STATE EX REL. ELDER, APPELLANT, *v.* CAMPLESE, JUDGE, APPELLEE.

(TWO CASES.)

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Elder v. Camplese,* Slip Opinion No. 2015-Ohio-3628.]

*Prohibition—Alleged defects in "complaint" do not affect court's jurisdiction when complaint referred to is victim's complaint—Relator has adequate remedy in ordinary course of law—Judgments dismissing petitions affirmed.*

(Nos. 2014-2021 and 2014-2022—Submitted May 5, 2015—Decided September 8, 2015.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2014-A-0039, 2014-Ohio-4546.

APPEAL from the Court of Appeals for Ashtabula County, No. 2014-A-0041, 2014-Ohio-4547.

_____

**Per Curiam.**

{¶ 1} We affirm the Ashtabula County Court of Appeals' dismissal of two complaints for writs of prohibition. We have sua sponte consolidated the two appeals for decision.

{¶ 2} Appellant in both cases, Emmanuel Elder, filed actions in prohibition against appellee, Judge Albert S. Camplese, the judge who presided over two criminal cases against Elder in the Ashtabula Municipal Court. Case No. 2014-2021 (Ashtabula App. No. 2014-A-0039) concerns Elder's 2013 conviction for aggravated menacing. Case No. 2014-2022 (Ashtabula App. No. 2014-A-0041) concerns Elder's 2013 conviction for unauthorized use of property. In both cases, Judge Camplese accepted Elder's pleas of no contest and convicted and sentenced him accordingly.

{¶ 3} In the first case, Elder seeks a writ prohibiting Judge Camplese from asserting authority over him, claiming that the complaint in that case was insufficient to confer jurisdiction on the judge and that a variety of violations of his rights took place during the course of his arrest and arraignment. In the second, Elder asserts that the case against him was initiated without a sworn affidavit from the alleged victim, which, he claims, rendered the complaint invalid and deprived the court of jurisdiction to issue a judgment. He further requests that the DNA profile collected from him as a result of that conviction be expunged from the Ohio database. Finally, he asks that both of his convictions be vacated.

{¶ 4} Because he has an adequate remedy at law in both cases by way of direct appeal of his criminal convictions, and because Judge Camplese did not patently and unambiguously lack jurisdiction to preside over a criminal matter, the Eleventh District Court of Appeals properly dismissed both of Elder's complaints for prohibition. We affirm both dismissals.

**{¶ 5}** In addition, because his motions for default judgment and summary judgment in both cases are without merit, we deny them.

*Facts*

**Case No. 2014-2021:**

**{¶ 6}** Elder alleges that in November 2012, his ex-fiancée filed a complaint against him alleging menacing by stalking. (The resulting charge was later amended to a charge of aggravated menacing.) He claims that this complaint contained insufficient probable cause to sustain the warrant for his arrest and was insufficient to sustain the court's jurisdiction. He also complains of numerous alleged violations of his constitutional and other rights during the course of his confinement, arraignment, and plea.

**{¶ 7}** Judge Camplese filed a motion to dismiss, and Elder filed a response. The court of appeals granted the motion to dismiss. Elder has appealed.

**Case No. 2014-2022:**

**{¶ 8}** Elder alleges that in November 2012, he was arrested on a charge of breaking and entering, which was later amended to a charge of unauthorized use of property. He claims that no sworn affidavit was filed by "the true party of intrest [sic]," in other words, the victim. Elder contends that as a result, the complaint was insufficient to show probable cause that he committed the offense.

**{¶ 9}** Elder asserts that the filing of a valid complaint is a prerequisite to the court's acquisition of jurisdiction and that the court lacked such jurisdiction because the complaint was insufficient. Without a valid complaint, Elder asserts, the state cannot prove beyond a reasonable doubt that he committed the alleged offense within the court's territorial jurisdiction, and he cannot prepare a defense.

**{¶ 10}** Elder further states that the conviction was obtained in violation of his rights against unreasonable search and seizure and his rights to a fair and speedy trial and to due process and equal protection.

**{¶ 11}** Elder asserts that Judge Camplese intends to exercise judicial authority over him despite the lack of subject-matter, personal, or territorial jurisdiction. Elder claims that he has exhausted his administrative remedies and that he filed a motion in the municipal court to vacate the judgment for lack of jurisdiction in both cases, but the motions have been ignored. He asserts that he has no adequate remedy at law. He requests that the court void or vacate his conviction, "expunge" the DNA profile collected from him from the Ohio DNA data bank, and expunge his conviction from the public record. He also requests the issuance of a writ under R.C. 2305.02 (jurisdiction of common pleas court to hear action for wrongful imprisonment) and 2743.48 (action against state for wrongful imprisonment).

**{¶ 12}** Judge Camplese did not file any pleading or motion in response to Elder's complaint. Nevertheless, Elder filed a "motion to dismiss respondent's motion to dismiss." The court of appeals issued a judgment entry and opinion dismissing Elder's complaint. Elder has appealed.

*Analysis*

**{¶ 13}** To be entitled to the requested writ of prohibition in either case, Elder must establish that (1) Judge Camplese is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Elder need not establish the lack of an adequate remedy if he can show that the lack of jurisdiction is "patent and unambiguous." *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**{¶ 14}** Judge Camplese undoubtedly took judicial action in presiding over Elder's criminal cases and accepting his pleas in both cases. However, Elder has

alternate remedies at law by way of appeal from the underlying convictions, and Judge Camplese did not patently and unambiguously lack jurisdiction over either case.

{¶ 15} Specifically, "[a]n extraordinary writ cannot challenge the validity or sufficiency of a charging instrument, and [relator] has an adequate remedy in the ordinary course of law by appeal to raise his claim that the criminal complaint was defective." *Monroe v. Jackson*, 119 Ohio St. 3d 344, 2008-Ohio-4480, 894 N.E.2d 43, ¶ 4, citing *State ex rel. Elko v. Suster*, 110 Ohio St.3d 212, 2006-Ohio-4248, 852 N.E.2d 731, ¶ 3.

{¶ 16} Nor was Judge Camplese patently without jurisdiction in either case. "The municipal court has jurisdiction to hear misdemeanor cases committed within its territory * * *." R.C. 1901.20(A)(1). All of Elder's convictions were for misdemeanors, and he makes no explicit claim that they were committed outside the territory of Judge Camplese's court.

{¶ 17} Finally, as to the sufficiency of the complaint in each case, Elder is evidently confused by the concept of a complaint in a criminal case. He appears to believe that the statement of the victim is the "complaint" whose validity determines the jurisdiction of the court. But the difference between a victim's statement and the complaint that actually initiates the formal proceedings against the accused is described in R.C. 2935.09(D):

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate.

**{¶ 18}** Elder contends in case No. 2014-2021 that the complaining witness's affidavit did not contain the information required by Crim.R. 3. This does not amount to a defect in the criminal complaint. In case No. 2014-2022, the victim did not file any affidavit, but that also does not amount to a defect in the complaint.

**{¶ 19}** We therefore affirm the court of appeals' dismissal in both cases.

**{¶ 20}** Elder also filed motions in this court for default judgment and for summary judgment in both cases. The motions argue that because Judge Camplese failed to file a brief in either case in this court, the court should find Camplese in default and rule for Elder on the merits. However, S.Ct.Prac.R. 16.07(B) states that if the appellee fails to timely file a merit brief, "the Supreme Court may accept the appellant's statement of facts and issues as correct and reverse the judgment *if the appellant's brief reasonably appears to sustain reversal*." (Emphasis added.) Here, Elder's briefs do not reasonably appear to sustain reversal, so we affirm the judgments in both cases and deny all motions.

Judgments affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Emmanuel Elder, pro se.

_____