[Cite as *State ex rel. Mcie v. Vercillo*, 2019-Ohio-2145.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, EX. REL.,<br>SONJA MCIE, | : | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| Relator | : | |
| | : | |
| -vs- | : | |
| | : | Case No. 19-COA-005 |
| HONORABLE DAMIAN VERCILLO,<br>JUDGE | : | |
| | : | |
| and | : | |
| | : | |
| ASHLAND COUNTY COURT OF<br>COMMON PLEAS | : | |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Writ of Prohibition


JUDGMENT:        Denied


DATE OF JUDGMENT:        May 30, 2019


APPEARANCES:

For Relator        For Respondent

SONJA MCIE, PRO SE        No Appearance
138 Chateau Circle
Orrville, OH  44667

*Wise, Earle, J.*

{¶ 1}     Relator Sonja Mcie filed a Petition for Writ of Mandamus on February 19, 2019 wherein she requested a writ of mandamus issue requiring Respondent to appoint counsel for her.  On February 25, 2019, Relator filed an "Amended Petition for Writ of Procedendo" requesting Respondent be prohibited from proceeding until Relator's appeal is resolved.

{¶ 2}     The Ohio Supreme Court has stated that "it is elementary law that when a party substitutes an amended petition for an earlier one, this constitutes an abandonment of the earlier pleading and a reliance upon the amended one. The earlier pleading becomes functus officio." (Emphasis deleted.) *State ex rel. Talaba v. Moreland*, 132 Ohio St. 71, 75, 5 N.E.2d 159 (1936).  We therefore will only address the cause of action listed in the Amended Petition for Writ of Prohibition.

{¶ 3}     Relator, Sonja Mcie, has filed a Complaint for Writ of Prohibition requesting a writ issue prohibiting the Ashland County Juvenile Court from holding a hearing on a motion to terminate her visitation with her children.  For the reasons that follow, a writ of prohibition will not issue.

{¶ 4}     "For a writ of prohibition to issue, [a petitioner] must prove that [the respondent] has exercised or is about to exercise judicial power without authority to do so and that the state lacks an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13." *State ex rel. O'Malley v. Russo*, 2019-Ohio-1698.

{¶ 5}     Relator filed a motion for appointment of counsel requesting the trial court appoint counsel to represent her on the motion to terminate visitation.  The trial

court denied the request for appointed counsel. Relator filed an appeal to this Court from the denial of the request for appointed counsel. At the time of the filing of the appeal, a hearing was scheduled on the motion to terminate visitation. She also filed the instant petition in this Court as well as a motion to cancel the hearing with the trial court. The trial court granted the motion to cancel the hearing.

{¶ 6} Relator does not suggest in her petition that Respondents lack all authority to hear the underlying case. Rather, she argues Respondents lack jurisdiction to hear the motion to terminate visitation while an appeal is pending in this Court.

{¶ 7} Because the trial court cancelled the hearing, Relator cannot establish Respondents are exercising or about to exercise unauthorized judicial power. Relator has already obtained the relief she seeks on the petition. The instant petition became moot when the trial court issued the order granting the motion to cancel the hearing below. For these reasons, the request for writ of prohibition is denied.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/ads