[Cite as *State ex rel. J.R. v. Jones*, 2022-Ohio-4642.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE EX REL., J.R., | : | |
| Relator, | : | |
| | : | No. 111819 |
| v. | : | |
| THE HONORABLE TONYA R. JONES, ET AL., | : | |
| Respondents. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED IN PART AND
COMPLAINT DISMISSED IN PART
**DATED:** December 21, 2022

Writs of Prohibition
Motion No. 557995
Order No. 558672

### *Appearances:*

Zashin & Rich Co., L.P.A., Jennifer M. Hanes and Jenna C. Sholk, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondents*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Relator, J.R., seeks a writ of prohibition to prevent respondents, Judge Tonya R. Jones and Magistrate Judy Jackson-Winston, from ordering or

conducting a predetermination parenting evaluation for purposes of ruling on a motion to modify a divorce decree filed by a nonparty to this action, S.R., in an underlying divorce case. J.R. further seeks a writ of prohibition to reverse a decision by respondents, Judge Leslie A. Celebrezze and Magistrate Yosef Hochheiser, that modified a domestic violence protection order. For the reasons that follow, we grant a writ as to respondents Celebrezze and Hochheiser and dismiss the complaint as to respondents Jones and Jackson-Winston, finding well-taken the motion to dismiss as to them.

## I. Background

{¶ 2} According to the complaint for writs of prohibition, J.R. and S.R. finalized their divorce on July 15, 2020, in *J.R. v. S.R.*, Cuyahoga D.R. No. DR-19-379662. That case was assigned to respondent Jones. S.R. failed to answer or otherwise appear. As a result, a divorce decree was issued naming J.R. sole residential parent. The decree did not provide S.R. with any parental rights, right to visitation or custody of two minor children. However, the decree did state that "[S.R.] is free to file a motion with the court allocating him parental rights and responsibilities, including parenting time, at any time."

{¶ 3} On May 18, 2022, J.R. sought, and received, an ex parte domestic violence protection order in *J.R. v. S.R.*, Cuyahoga D.R. No. DV-22-389958. This case was assigned to Judge Celebrezze whose magistrate is Hochheiser. A consent agreement to a civil protection order was entered into on June 2, 2022. The protection order named J.R. and three others, including the two minor children of

J.R. and S.R., as protected persons. The order prohibited S.R. from having contact with or being within 500 feet of them. The order also contained the following reservation of rights:

> [S.R.] reserves the right to file a petition for parental rights and responsibilities in Cuyahoga County Domestic Relations Court. Cuyahoga County Domestic Relations Court should conduct an independent evaluation regarding parental rights and responsibilities and should not use this protection order as the sole means of denying [S.R.] parental rights and responsibilities.

The order indicated that the parties were required to follow all decrees in their divorce case.

{¶ 4} In a separate section of the protection order, the consent agreement civil protection order form used by the court and signed by S.R. and J.R. had the following language added to item 18(B):

> [S.R.] reserves the right to file a petition for parental rights and responsibilities in Cuyahoga County Domestic Relations Court. Cuyahoga County Domestic Relations Court should conduct an independent evaluation regarding parental rights and responsibilities and should not use this protection order as the sole means of denying [S.R.] parental rights and responsibilities.

> The Domestic Violence Court will change the terms and conditions of this Protection Order if/and when Cuyahoga County Domestic Relations Court orders parental rights and responsibilities.

The protection order form does have a box for this section in item 18(B) that was not checked. Instead, the box above it, for 18(A), indicating that S.R.'s parenting time rights were suspended, was checked.

{¶ 5} On June 2, 2022, S.R. filed a motion to modify the divorce decree to allow him parenting time. Pursuant to R.C. 3109.04(C) and the court's local rules,

an order was issued for the parties to cooperate in a custody evaluation to be conducted by the domestic relations court's Family Evaluation Services Department. This order was signed by respondents Jones and Jackson-Winston. J.R. sought to oppose the order or seek clarification by filing several motions, citing among other things, that the protection order prohibited contact between S.R. and the children. J.R. also filed an emergency motion for an attorney conference in the protection order case on July 21, 2022, in which she asserted that a staff member of the Family Evaluation Services Department informed her or her attorney that a request had been made to the magistrate in the protection order case to amend the protection order to allow the evaluation to go forward. In the motion, J.R. argued that the court could not modify the terms of the protection order without a motion before it. On August 3, 2022, an entry was journalized amending the consent agreement civil protection order. The entry stated:

> This matter has been referred to the Court's Family Evaluation Services Department for an evaluation and report regarding the allocation of parental rights and responsibilities under CR-19-379662. A consent agreement civil protection order was issued on June 2, 2022[,] prohibiting, among other things, contact between [S.R.] and [J.R.] and contact between [S.R.] and the minor children.
>
> It is hereby ordered that the consent agreement civil protection order of June 2, 2022 is hereby modified as follows:
>
> > As a limited exception to Items 6, 7, and 13 of the ex parte civil protection order of May 18, 2022,[1] [S.R.] shall be entitled to contact with [J.R.] and the minor children of the parties * * * as directed by the Court's Family

[1] The ex parte civil protection order is not in the record before this court. Therefore, it is unclear exactly what these provisions state.

Evaluation Services. This contact shall be limited to dates and times specifically established by the Court's Family Evaluation Services, and are to take place only at the offices of the Court's Family Evaluation Services Department. [S.R.] shall not be unsupervised with the minor children at any time.

This order was signed by respondents Celebrezze and Hochheiser. The order further denied J.R.'s emergency motion for an attorney conference.

{¶ 6} On August 9, 2022, after this court was closed for the day, J.R. filed the instant complaint for writs of prohibition in an effort to stop the custody evaluation that was to take place the next morning at 9:30 a.m. This court issued an order setting an abbreviated briefing schedule on August 10, 2022, but did not otherwise issue an order to stop the evaluation from going forward. Following that order, J.R. filed a motion for alternative writ, which we denied on August 16, 2022. Respondents filed a combined motion to dismiss the complaint on August 24, 2022. J.R. filed a brief in opposition on August 31, 2022. Respondents then filed a reply brief on September 6, 2022, arguing against claims that were made by J.R. for the first time in her opposition brief. On September 12, 2022, J.R. sought to strike the reply brief or, in the alternative, for leave to file a sur-reply brief. This court denied the motion to strike but granted J.R. leave to file a sur-reply brief, which she did on September 26, 2022.

**II. Law and Analysis**

**A. Standards Applicable to This Action**

{¶ 7} A writ of prohibition may issue when a relator establishes that an official is about to exercise judicial or quasi-judicial power, that the exercise of that power is unauthorized by law and that the relator lacks an adequate remedy in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18. With limited exception, "a writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21, 213 N.E.2d 164 (1965). "'[A]bsent a patent and unambiguous lack of jurisdiction, "a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal."'" *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 10, quoting *State ex rel. Powell v. Markus*, 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 8, quoting *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 428-429, 751 N.E.2d 472 (2001). "A court will typically 'deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of that jurisdiction.'" *Santomauro v. McLaughlin*, Slip Opinion No. 2022-Ohio-2441, ¶ 14, quoting *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155,

108 N.E.3d 1089, ¶ 24. However, where a court patently and unambiguously lacks jurisdiction, prohibition may issue regardless of whether the relator possesses other adequate remedies, such as an appeal. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13, citing *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 8} This matter is before this court on respondents' motion to dismiss for failure to state a claim. Civ.R. 12(B)(6), dismissal for failure to state a claim, allows for the expedient adjudication of claims where "it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in [relator's] favor, that [relator] is not entitled to extraordinary relief in prohibition." *State ex rel. Jones v. Paschke*, Slip Opinion No. 2022-Ohio-2427, ¶ 5, citing *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

**B. Sua Sponte Modification of a Civil Protection Order**

{¶ 9} J.R. argues that respondents Celebrezze and Hochheiser lack jurisdiction to modify the protection order issued in the underlying case. We will address this claim first.

{¶ 10} A court may vacate or modify a final order pursuant to Civ.R. 60(B) but may not do so sua sponte. *See Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437, ¶ 7. A court may sua sponte correct an otherwise final judgment to eliminate a "clerical mistake." Civ.R. 60(A); *Ashburn v.*

*Roth*, 12th Dist. Butler Nos. CA2006-03-054 and CA2006-03-070, 2007-Ohio-2995, ¶ 22-23.  Apart from Civ.R. 60, where there is a reservation of jurisdiction to modify an otherwise final order, a court has authority to modify what would normally constitute a final order.  *See In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 42-43.  The domestic violence protection order statute contains such a modification provision at R.C. 3113.31(E)(8).  This section states:

> The court may modify or terminate as provided in division (E)(8) of this section a protection order or consent agreement that was issued after a full hearing under this section.  The court that issued the protection order or approved the consent agreement shall hear a motion for modification or termination of the protection order or consent agreement pursuant to division (E)(8) of this section.

The statute goes on to provide the framework for modification, including the factors a court should consider when ruling on a motion to modify filed by a party.  Civ.R. 75(J) also provides, generally, for the continuing jurisdiction of a domestic relations court to modify decrees but states that it must be invoked by motion and "served in the manner provided for service of process under Civ.R. 4 to 4.6."[2]  Civ.R. 65.1(C)(4) also indicates that a motion for modification must be served in the manner provided by Civ.R. 4 through 4.6.

---

[2] However, it is noted that the Ohio Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the courts of this state." Civ.R. 82.

{¶ 11} The order purporting to modify the protection order in this case does not state under what authority it was modified. So, each will be analyzed in turn.[3]

{¶ 12} Civ.R. 60(A) provides in part, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." However, correction is limited to clerical errors or omissions and may not be used to make substantive changes to a final order. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.*, citing *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285, 623 N.E.2d 723 (9th Dist.1993).

> "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner."

*Londrico* at 285, quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988), citing *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir.1987). Respondents do not allege that the protection order was modified through the use

---

[3] A court, generally, cannot sua sponte amend a final judgment pursuant to Civ.R. 60(B). *See, e.g., In re W.R.P.*, 8th Dist. Cuyahoga No. 99010, 2013-Ohio-702, ¶ 6-9; *Bender v. Summa Rehab Hosp., LLC*, 9th Dist. Summit No. 29865, 2021-Ohio-3809, ¶ 18.

of Civ.R. 60 and we do not find any indication that it is applicable to the modification made in this case.

{¶ 13} Case law exists that indicates a court has inherent authority to modify a protection order based on changing circumstances. Previously, this court, and others, have held that a judge has inherent jurisdiction to modify a protection order. *Cipriani v. Ehlert*, 8th Dist. Cuyahoga No. 103767, 2016-Ohio-5840; *L.M.W. v. B.A.*, 8th Dist. Cuyahoga No. 110783, 2022-Ohio-2416; *Prostejovsky v. Prostejovsky*, 5th Dist. Ashland No. 06-COA-033, 2007-Ohio-5743. At the time these cases were decided, there was no statutory provision that allowed for modification of a protection order. That has since changed. The statute was changed to include a mechanism for the amendment of a domestic violence protection order. *See* R.C. 3113.31(E)(8).

{¶ 14} In *State v. G.K.*, Slip Opinion No. 2022-Ohio-2858, the Supreme Court of Ohio held that where the General Assembly has provided a means to accomplish something, a court does not have inherent authority to accomplish the same through other means not specified by the General Assembly. The holdings in the above cases, that a court has inherent authority to modify a protection order, likely do not survive amendment of the statute and the pronouncement in *G.K.* Therefore, we turn to the statutory authority to modify a protection order.

{¶ 15} R.C. 3113.31(E)(8)(a) specifically provides a reservation of jurisdiction to modify orders of protection. It states, in part, that a "court may modify or terminate as provided in division (E)(8) of this section a protection order

or consent agreement that was issued after a full hearing under this section." The statute goes on to state that the way a court may do so is on motion of the parties: "The court that issued the protection order or approved the consent agreement shall hear a motion for modification or termination of the protection order or consent agreement pursuant to division (E)(8) of this section." R.C. 3113.31(E)(8)(a). In order to modify a protection order or consent agreement, the statute contemplates a motion filed by either of the parties: "Either the petitioner or the respondent of the original protection order or consent agreement may bring a motion for modification or termination of a protection order or consent agreement that was issued or approved after a full hearing. The court shall require notice of the motion to be made as provided by the Rules of Civil Procedure." R.C. 3113.31(E)(8)(b).

{¶ 16} There was no motion pending before respondent Celebrezze when she issued an order purporting to modify the otherwise final and appealable order of protection. R.C. 3113.31 does not provide jurisdiction for this sua sponte modification.

{¶ 17} Respondents argue that the protection order itself provides continuing jurisdiction to modify. Paragraph 28 of the consent agreement to civil protection order states, "**THIS ORDER SURVIVES** a divorce, dissolution of marriage, or legal separation. Any subsequent order from this Court, another domestic relations court, or juvenile court may modify paragraphs 16, 17, 18, and 19." (Emphasis sic.) Respondents contend that this provision provides continuing jurisdiction to modify a final order. However, this statement in the order is not a

clear reservation of jurisdiction to respondent Celebrezze to modify the order and does not specifically contemplate further action.

{¶ 18} Further, even if this section did provide continuing jurisdiction to modify paragraphs 16, 17, 18, and 19 of the consent agreement to civil protection order, the journal entry that purports to modify the protection order does not modify any of these paragraphs. The journal entry states that

> the Consent Agreement Civil Protection Order of June 2, 2022 is hereby modified as follows:
>
> As a limited exception to Items 6, 7, and 13 of the Ex Parte Civil Protection Order of May 18, 2022, Respondent, [S.R.] shall be entitled to contact with the petitioner, [J.R.] and the minor children * * * as directed by the Court's Family Evaluation Services."

This modification does not involve paragraphs 16 (designation of residential parent), 17 (temporary allocation of parental rights), 18 (temporary parenting time orders), or 19 (orders to law enforcement to assist in obtaining physical custody of children) of the protection order. Therefore, we do not find that the protection order itself provides a clear reservation of jurisdiction that would allow respondent Celebrezze to modify an otherwise final order.

{¶ 19} Sup.R. 10.06(B)(1) states that "[i]f a court has issued a protection order * * * or an order allocating parental rights and responsibilities and becomes aware another court has issued a conflicting order, the court should consider, if appropriate, revising its order to avoid conflict between the orders." The rule goes on to provide that a court "shall consider and may adopt a local rule of court creating

a procedure by which the court may revise its orders pursuant to (B)(1) of this rule." The parties have pointed to no such local rule of the domestic relations court.

{¶ 20} A court may not modify a final order without a source of jurisdiction. *Maxwell v. Univ. Hosps. Health Sys.*, 8th Dist. Cuyahoga No. 104100, 2016-Ohio-7401, ¶ 5, citing *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437, ¶ 7, citing *N. Shore Auto Financing, Inc. v. Valentine*, 8th Dist. Cuyahoga No. 90686, 2008-Ohio-4611, ¶ 12. *See also Rodefer v. Colbert*, 2015-Ohio-1982, 35 N.E.3d 852, ¶16 (2d Dist.) ("[T]rial courts lack jurisdiction to modify prior final orders, absent the use of recognized methods for modifying such orders, like motions for Civ.R. 60(B) relief."). Any attempt to do so without jurisdiction results in a void order. *Id*. at ¶ 7, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St. 2d 378, 379-380, 423 N.E.2d 1105 (1981). "Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Stern Pros. Atty. v. Mascio*, 81 Ohio St.3d 297, 298-299, 691 N.E.2d 253 (1998), citing *State ex rel. Rogers v. Brown*, 80 Ohio St.3d 408, 410, 686 N.E.2d 1126 (1997). *See also Page v. Riley*, 85 Ohio St.3d 621, 623, 710 N.E.2d 690 (1999).

{¶ 21} Here, the protection order provides that S.R. may file a motion for parenting time and the judge hearing the divorce case would conduct a family evaluation in order to decide the motion. However, that does not evidence a reservation of jurisdiction to modify a final order. J.R. has demonstrated that

respondents Celebrezze and Hochheiser have exercised judicial authority that is clearly not authorized by law. Respondents Celebrezze and Hochheiser are patently and unambiguously without jurisdiction to modify a final order in this case. No further evidence or argument is necessary. Relator has demonstrated entitlement to a writ of prohibition. Therefore, we issue a writ of prohibition and order respondent Celebrezze to vacate the August 3, 2022 order modifying the June 2, 2022 consent agreement civil protection order.

### C. Court-ordered Evaluation

{¶ 22} J.R. argues that respondents Jones and Jackson-Winston lack jurisdiction or exceeded their jurisdiction to order S.R. to come into contact with J.R.'s children to participate in an evaluation as part of a process to determine whether there should be a modification of the divorce decree to allow parental visitation.

{¶ 23} After a divorce decree is issued, a domestic relations court judge retains jurisdiction to modify orders related to parenting time on motion of a party. R.C. 3109.04; 3109.051. S.R. filed a motion for parenting time in the divorce case. According to these statutory provisions, respondents Jones and Jackson-Winston do not patently and unambiguously lack jurisdiction to conduct proceedings to determine S.R.'s motion to modify parenting time.

{¶ 24} A domestic relations court has subject-matter jurisdiction over matters of divorce, including continuing jurisdiction to modify decrees of divorce to allow for parenting time. A protection order does not remove from a judge of the

domestic relations court the ability to make those determinations or to issue orders necessary for their adjudication. As the Supreme Court of Ohio has noted, certain provisions of a protection order must give way to facilitate other orders of a domestic relations court in relation to the care, custody, and visitation of children. *State v. Price*, 118 Ohio St.3d 144, 2008-Ohio-1974, 886 N.E.2d 852, ¶ 20, 27. In fact, R.C. 3113.31(E)(3)(b) contemplates that an action for a protection order and an action that seeks to allocate parental rights in a domestic relations court may occur in parallel. The statute provides that any temporary allocation of parental rights or visitation made in a protection order end when a court hearing a divorce, dissolution of marriage, or legal separation action issues an order allocating parental rights or visitation. *Id.* The fact that there is a protection order in place does not interfere with respondent Jones' jurisdiction to allocate parental rights.

{¶ 25} Therefore, respondents Jones and Jackson-Winston do not patently and unambiguously lack jurisdiction to order an independent evaluation of the parents and children that is necessary for the proper determination of S.R.'s motion to modify. The statutory scheme specifically provides that jurisdiction.

{¶ 26} J.R. further argues that the order mandating an evaluation was issued by Magistrate Jackson-Winston and this exceeds the scope of authority of the magistrate under Civ.R. 53. J.R. asserts that Magistrate Jackson-Winston may not issue an order for evaluation because that order essentially determines whether S.R. should have contact with the children.

{¶ 27} The entry that ordered an evaluation in the underlying case is not identified as a magistrate's order and it is signed by both respondents Jones and Jackson-Winston. Therefore, it is unclear if this is, in fact, a magistrate's order. For the moment, we will assume that it is.

{¶ 28} Pursuant to Civ.R. 53(D)(2)(a), a magistrate, without judicial approval, may enter orders necessary for the regulation of the proceedings so long as the order is not dispositive of any claim or defense. A court-ordered evaluation does not grant a change in custody, visitation, or parental rights nor is it dispositive of any claim or defense. In a case before the Tenth District, a magistrate issued an order similar to the one at issue in this case and that court overruled an assignment of error similar to J.R.'s argument claiming that the order was void. *Tassone v. Tassone*, 10th Dist. Franklin No. 19AP-382, 2020-Ohio-3151.

{¶ 29} J.R. argues that the magistrate's order, in effect, determines the substantive issue of whether the children should have any contact with S.R. That is not a substantive issue that is determined by a court-ordered evaluation. The motion under consideration is for a modification of parental visitation. A court-ordered and supervised evaluation is not the same as determining whether S.R.'s motion be granted or denied or whether any substantive defense that J.R. may have to that motion is applicable.

{¶ 30} Even if J.R.'s argument is correct and a magistrate could not issue the order under Civ.R. 53(D)(2)(a), that does not mean that a writ of prohibition may issue. The order in question is not identified as a magistrate's order and is signed

by the judge presiding over the case. As explained earlier, the domestic relations court has continuing jurisdiction to conduct proceedings related to matters of child custody, visitation, and parental rights. In the course of deciding a motion to modify parental rights, a court may order an evaluation of the parents and children. R.C. 3109.04(C); Civ.R. 75(D). Respondent Jones has jurisdiction to modify prior orders, hold hearings and order evaluations. Any irregularity in the exercise of that jurisdiction is not a suitable basis for prohibition. The order directing S.R. to participate in an evaluation when there is a protection order in place may place S.R. in a precarious situation that courts should endeavor to avoid,[4] but S.R. is not the one before us seeking relief. If S.R. is concerned about conflicting orders, he could file a motion to modify the protection order or to consolidate the cases.[5]

{¶ 31} Further, this case does not call for prohibition based on the conflicting nature of the orders at issue. The jurisdictional-priority rule is, generally, the source of authority for granting a writ of prohibition where conflicting orders may result. This rule "provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." *State ex rel. Consortium for*

---

[4] *See* Sup.R. 10.06.

[5] Although the local rules of the Cuyahoga County Common Pleas Court, Domestic Relations Division, may not allow for consolidation of domestic violence cases. We further note that the Fourth District has found that when a parent tried to litigate the issue of parenting time within a protection order action, a court erred in not sua sponte consolidating the action with other divorce proceedings. *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 2 (4th Dist.).

*Economic & Community Dev. for Hough Ward 7 v. Russo*, 151 Ohio St.3d 129, 2017-Ohio-8133, 86 N.E.3d 327, ¶ 8, citing *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 9. The rule promotes judicial economy and helps to avoid inconsistent results. *Id.* at ¶ 10. When the rule applies, it provides that the judge whose jurisdiction is invoked second patently and unambiguously lacks jurisdiction because the judge whose jurisdiction is first invoked has exclusive jurisdiction to decide the issue. *Id.* at ¶ 9. This rule does not apply where cases are pending before different judges of the same court because a motion to consolidate provides a means of relief that is not available in other situations. *Id.* at ¶ 10.

{¶ 32} Therefore, this court declines to issue a writ of prohibition as to respondents Jones and Jackson-Winston. Those respondents do not patently and unambiguously lack jurisdiction. Further, these respondents' actions are specifically authorized by law, which precludes relief in prohibition. Therefore, J.R. is unable to demonstrate any entitlement to relief in prohibition as to them.

{¶ 33} Respondents' motion to dismiss is granted as to respondents Jones and Jackson-Winston. A writ of prohibition is granted as to respondents Celebrezze and Hochheiser. They are directed to vacate the order modifying the protection order as indicated in this opinion.

{¶ 34} Respondents to bear the costs of this action; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 35} Writ granted in part and complaint dismissed in part.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., CONCURS;
MARY J. BOYLE, J., DISSENTS IN PART (WITH SEPARATE OPINION)


MARY J. BOYLE, J., DISSENTING IN PART:

{¶ 36} While I agree with the majority that Respondent Celebrezze was without jurisdiction to sua sponte modify the civil protection consent agreement, I respectfully disagree with the majority's decision to decline to issue a writ of prohibition to Respondents Jones and Jackson-Winston. Because Respondent Jones's order to submit to family evaluation services resulted in an injury to J.R. and her minor children for which no other adequate remedy exists in the ordinary course of law, I would grant a writ of prohibition. To conclude otherwise would place J.R. and her minor children in potential harm, which is exactly what the civil protection consent agreement sought to prevent. As a result, I would deny Respondents' motion to dismiss in its entirety.

### Family Evaluation Order in Case No. DR-19-379662

{¶ 37} With regard to the family evaluation order, the majority declines to issue a writ of prohibition against Respondents Jones and Jackson-Winston, finding that the Respondent Jones had authority to issue the order and that irregularity in the exercise of jurisdiction is not a suitable basis for prohibition. While I agree that

Respondent Jones has authority to issue an evaluation order, I disagree that there is no basis to issue prohibition.

{¶ 38} By directing the parties to participate in an evaluation with a protection order in effect, Respondent Jones places J.R. and her minor children in a situation the consent agreement sought to avoid. J.R. provided evidence that S.R. was convicted of a misdemeanor domestic violence criminal offense in Medina County and has a drug and alcohol problem and that he agreed to suspend his parental rights. Indeed, the evaluation order placed the parties in a situation where they are required to either violate the civil protection consent agreement in Case No. DV-22-389958 or the evaluation ordered in Case No. DR-19-379662. The parties should not be subjected to this legal dilemma for violating a protection order or being found in contempt for disobeying a court order. Moreover, Respondent Jones and Jackson-Winston did not order an expert to complete an assessment to determine if it would be harmful prior to ordering the children to meet with S.R.

{¶ 39} The majority decision acknowledges that Sup.R. 10.06 contemplates the situation presented here and provides that the judges of the domestic relations court must work together to avoid creating conflicting orders. Sup.R. 10.06(B)(2) advises a court to adopt a local rule of court to avoid creating and resolving these conflicting orders. In fact, Loc.R. 26(A)(3) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, provides that the petition for domestic violence civil protection order should have been assigned to Respondent Jones, rather than Respondent Celebrezze.

{¶ 40} Respondent Jones's family evaluation order places J.R. and her minor children in a situation where no other adequate remedy exists in the ordinary course of the law. Respondent Jones ordered J.R. to bring the minor children to attend in person and have contact with S.R., who just agreed to suspend his parenting time with the children, has been convicted of domestic violence, and admittedly has drug and alcohol issues. "Prohibition will lie when the inferior court's exercise of judicial power is unauthorized by law and would result in an injury for which no other adequate remedy exists in the ordinary course of the law." *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, ¶ 71 (Kennedy, J., dissenting), citing *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. I find prohibition is necessary here to prevent this injury.

{¶ 41} Therefore, for the reasons stated above, I would deny respondents' motion to dismiss in its entirety and issue the writs of prohibition.