[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Kennedy*, Slip Opinion No. 2023-Ohio-1593.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1593

THE STATE EX REL. DAVIS ET AL. *v.* KENNEDY, JUDGE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Kennedy*, Slip Opinion No. 2023-Ohio-1593.]

*Prohibition—Writ sought to prevent juvenile court from continuing to exercise jurisdiction—Probate court's having exclusive jurisdiction over child's preadoption placement prevents juvenile court from exercising jurisdiction to issue temporary orders permitting biological father to have parenting time with child—Writ granted.*

(No. 2022-0232—Submitted January 10, 2023—Decided May 16, 2023.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} In this original action, relators, Josephine Davis, John Doe, and Jane Doe, seek a writ of prohibition against respondents, the Logan County Common Pleas Court and Judge Natasha Kennedy.  Judge Kennedy is a judge of the Logan

County Common Pleas Court, Family Court Division, which encompasses the juvenile, domestic-relations, and probate divisions, *see* R.C. 2301.03(CC). For the reasons set forth below, we grant the requested writ of prohibition.

### I. Background

**{¶ 2}** Davis is the biological mother of H.P., a minor child born in 2020. Davis was 17 years old when she gave birth to H.P.

**{¶ 3}** On September 3, 2020, the Van Wert County Common Pleas Court, Probate Division, journalized a placement entry that awarded care, custody, and control over H.P. to John and Jane Doe, for purposes of adoption. *In re Infant Boy Davis*, Van Wert C.P. No. 20204015. Davis consented to the placement. Also on September 3, the Does filed an adoption petition for H.P. in the Van Wert County Probate Court.

**{¶ 4}** On September 16, 2020, Kaidin Whitrock filed a complaint "to allocate parental rights and responsibilities," invoking the juvenile-court jurisdiction of the Logan County Family Court and alleging that he is the biological father of H.P. *Whitrock v. Davis*, Logan C.P. No. 20 AD 43. The Logan County Family Court granted Whitrock's motion for genetic testing to determine paternity. The genetic tests found a 99.99 percent probability that Whitrock is H.P.'s biological father. After the Logan County Family Court received the test results, it stayed its proceedings pending the result of Whitrock's appeal from a Van Wert County Probate Court ruling, detailed in the next paragraph.

**{¶ 5}** The Van Wert County Probate Court held an adoption-consent hearing in January 2021. *See In re Adoption of H.P.*, 3d Dist. Van Wert No. 15-21-03, 2021-Ohio-4567, ¶ 3. According to the Third District Court of Appeals, the parties stipulated at the hearing that Whitrock had been legally determined to be H.P.'s biological father pursuant to R.C. 3111.04. *H.P.* at ¶ 3. The Van Wert County Probate Court determined that because Whitrock was the putative father at the time the adoption petition was filed and had not timely filed with the registry of

putative fathers maintained by the department of job and family services pursuant to R.C. 3107.062, his consent to the adoption was not required under R.C. 3107.07(B)(1). *See H.P.* at ¶ 3.

{¶ **6**} The Third District reversed the Van Wert County Probate Court's judgment. *Id.* at ¶ 1. The Third District agreed with the probate court that because Whitrock had failed to register as the putative father, his consent to the adoption was not required. *Id*. at ¶ 4. But according to the appellate court, "at the time of the [consent] hearing, [Whitrock] had a second status, that of biological father whose paternity had been judicially determined." *Id*. at ¶ 5. That second status "include[d] the right to have the trial court determine whether his consent is necessary pursuant to R.C. 3107.07(A)." *Id*. at ¶ 8; *see* R.C. 3107.07(A) (consent to an adoption is not required from the parent of a minor if the court finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact or maintenance and support as required by law or judicial decree for at least one year immediately preceding the filing of the adoption petition or placement of the minor in the petitioner's home). The Third District remanded the case for the Van Wert County Probate Court to make that determination. *Id*. at ¶ 11.

{¶ **7**} Davis and the Does filed a discretionary appeal with this court, which this court accepted. 166 Ohio St.3d 1467, 2022-Ohio-1163, 185 N.E.3d 106. On December 8, 2022, we reversed the Third District's judgment. *In re Adoption of H.P.*, __ Ohio St.3d __, 2022-Ohio-4369, __ N.E.3d __. We held that because the putative father "failed to timely register as a putative father or to establish his paternity prior to the filing of the petition to adopt H.P., his consent to H.P.'s adoption was not required." *Id*. at ¶ 38.

{¶ **8**} Meanwhile, Whitrock filed an omnibus motion asking Judge Kennedy to lift the stay, appoint a guardian ad litem for H.P., and issue temporary orders

permitting him parental time with H.P. Judge Kennedy lifted the stay and appointed a guardian ad litem for H.P.

{¶ 9} Davis and the Does then filed this original action for a writ of prohibition against Judge Kennedy. Judge Kennedy filed a motion to dismiss, which we denied. 167 Ohio St.3d 1464, 2022-Ohio-2490, 191 N.E.3d 443. In the judgment entry, we ordered the parties to brief whether a juvenile-court order allocating parental rights or temporarily ordering parenting time would conflict with a probate-court placement order. *Id.*

## II. Legal analysis

### A. Standard of review

{¶ 10} To state a claim for a writ of prohibition, a relator must allege the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, a relator need not establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 11} The parties do not dispute that Judge Kennedy has exercised judicial power and intends to continue to do so. The issue this case presents is whether Judge Kennedy can continue to exercise juvenile-court jurisdiction without interfering with the exclusive, original jurisdiction of the Van Wert County Probate Court.

### B. Two courts may sometimes exercise jurisdiction over cases concerning a child at the same time

{¶ 12} Judge Kennedy cites *In re Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, and *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas*, 150 Ohio St.3d 230, 2016-Ohio-7382,

81 N.E.3d 380, for the proposition that two courts may exercise their respective original, exclusive jurisdiction at the same time.

{¶ 13} *M.G.B.-E.* examined whether a probate court could exercise its jurisdiction over an adoption petition despite ongoing proceedings in a domestic-relations court, and *Allen Cty.* examined whether a probate court could exercise its jurisdiction over an adoption petition despite ongoing proceedings in a juvenile court. This case presents the issue whether a juvenile court may exercise jurisdiction over a request for parenting time while an adoption petition is pending in a probate court.

{¶ 14} In *Allen Cty.*, a juvenile court exercised its original, exclusive jurisdiction concerning an allegedly abused, neglected, or dependent child, R.C. 2151.23(A)(1). Upon finding that a child is abused, neglected, or dependent, a juvenile court is authorized to issue dispositional orders awarding temporary or legal custody of the child. R.C. 2151.353(A). In *Allen Cty.*, the juvenile court had awarded temporary custody to the Allen County Children Services Board ("the board"). *Id.* at ¶ 6. Pursuant to statute, the juvenile court was to retain continuing jurisdiction over the child until the child reached the age of 18 or until the child was adopted and a final decree of adoption was issued. R.C. 2151.353(F)(1).

{¶ 15} After the juvenile court issued its temporary-custody order, the child's biological mother filed an application in a probate court to place the child for adoption with a designated family, and that family, the Andersons, filed a petition for adoption. *Allen Cty.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, at ¶ 9. The probate court approved the placement application and ordered the board to release the child to the Andersons. *Id.* The board sought a writ of prohibition to bar the probate court from interfering with the juvenile court's exclusive jurisdiction.

{¶ 16} We denied the writ. *Id.* at ¶ 41. We held that "the authority of the probate court to order preadoption placement pursuant to R.C. 5103.16(D) is * * *

within its exclusive, original jurisdiction over adoption proceedings, *notwithstanding the fact that the child is subject to the continuing jurisdiction of the juvenile court*." (Emphasis added.) *Id*. at ¶ 36. Moreover, we held that the mother's residual parental right to consent to adoption and preadoption placement superseded the board's right to decide the child's placement as part of its having temporary custody of the child. *Id*. at ¶ 40. We noted that "nothing in the statutes expressly precludes the probate court from exercising its jurisdiction in adoption proceedings regarding a child who is the subject of custody proceedings in the juvenile court." *Id*. at ¶ 34. To the contrary, we stated that R.C. 2151.353(F)(1) expressly terminates the juvenile court's jurisdiction upon the entry of a final adoption decree, which necessarily presupposes that adoption proceedings may take place while juvenile-court dependency proceedings are pending. *Allen Cty.* at ¶ 34.

{¶ 17} About a year and a half after we decided *Allen Cty.*, we decided *M.G.B.-E.*, which involved divorced parents. After the parents divorced in 2004, the mother interfered with and ultimately cut off the father's parenting time. *M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, at ¶ 5-6, 8. In 2015, after having had no contact with his children for at least six years, the father filed a motion in a domestic-relations court to reestablish parenting time. *Id*. at ¶ 14, 17. The mother and her new husband filed an adoption petition in a probate court. *Id*. at ¶ 3. The father objected to the adoption, but the probate court determined that his consent to the adoption was not required. *Id*. at ¶ 3, 19. While the adoption petition was pending in the probate court, the domestic-relations court granted the father limited parenting time. *Id*. at ¶ 20. The Twelfth District Court of Appeals affirmed the probate court's decision that the father's consent to the adoption was not required. 12th Dist. Clinton No. CA2016-06-017, 2016-Ohio-7912, ¶ 1. The father appealed to this court, challenging the jurisdiction of the

probate court to proceed on the adoption petition while parenting issues remained pending in the domestic-relations court.

{¶ 18} We reversed the judgment and remanded the case but rejected the father's jurisdictional argument. Our analysis began by clarifying the meaning of the statement in the syllabus of *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, that "[w]hen an issue concerning parenting of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child." According to *M.G.B.-E.*, when *Pushcar* used the word "parenting," it really meant "parentage." *M.G.B.-E.* at ¶ 34. And by "parentage," we meant *biological* parentage, because paternity "affect[s] the probate court's *ability* to rule on the concurrent adoption petitions." (Emphasis sic.) *Id.* at ¶ 35; *see also Allen Cty.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, at ¶ 38 ("*Pushcar* required the probate court to refrain from proceeding while there was a question of parentage—i.e., *paternity*—pending in the juvenile court" [emphasis sic]). However, "when a parenting issue pending in a juvenile or domestic-relations court does not affect a probate court's ability to determine the statutory prerequisites for adoption, we have not required the probate court to refrain from exercising its exclusive jurisdiction over adoption proceedings." *M.G.B.-E.* at ¶ 35.

{¶ 19} We then proceeded to consider what effect the pending motion for parenting time in the domestic-relations court should have on the probate-court proceedings. *Id.* at ¶ 37. The issue before the probate court was whether the father's consent to the adoption was required. Under R.C. 3107.07(A), which must be strictly construed to protect the rights of natural parents, *id.* at ¶ 40, consent to an adoption is not required from the parent of a minor if the court finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact or maintenance and support as required by law or judicial decree for at least one year immediately preceding the filing of the adoption

petition or placement of the minor in the petitioner's home. "And strictly construing R.C. 3107.07(A) in favor of [the f]ather requires the probate court to take into account [the f]ather's efforts to reestablish parental rights and responsibilities through the domestic-relations court during the year preceding the filing of the adoption petitions." *Id*. at ¶ 40. Therefore, we said that when a parent

> has filed a parenting motion in a juvenile or domestic-relations court having continuing jurisdiction over a child prior to the filing of a petition to adopt that child, the probate court must consider the parent's legal action as part of its consideration whether the parent failed without justifiable cause to have more than de minimis contact with the child during the year immediately preceding the filing of the adoption petition.

*Id*. at ¶ 47. Because the probate court in that case had failed to take into consideration the father's efforts to reestablish parenting time, we reversed the judgment and remanded the case for further proceedings. *Id*.

### C. Applying Allen Cty. *and* M.G.B.-E. *to the facts of this case*

{¶ 20} *Allen Cty.* and *M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, do not directly resolve this case. But they establish three principles that guide our analysis.

{¶ 21} First, competing jurisdictional claims between the probate and juvenile or domestic-relations courts are not resolved by application of the jurisdictional-priority rule. The jurisdictional-priority rule provides that "[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *State ex rel. Phillips v. Polcar*, 50 Ohio St.3d 279, 364 N.E.2d 33 (1977),

syllabus. The rule applies only when cases in multiple courts of concurrent jurisdiction involve the same parties and when either the causes of action are the same or the cases present part of the same whole issue. *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 24, 29. The probate and juvenile courts are not courts of concurrent jurisdiction. *See* R.C. 2101.24 and 2151.23. Therefore, the fact that Whitrock filed his complaint invoking the juvenile-court jurisdiction of the Logan County Family Court two weeks *after* proceedings commenced in the probate court is not dispositive.

{¶ 22} Second, irrespective of when the adoption proceedings commenced, Judge Kennedy has juvenile-court jurisdiction to proceed with matters relevant to and in aid of the adoption proceedings. Specifically, a juvenile court has exclusive original jurisdiction to determine the paternity of any child allegedly born out of wedlock. R.C. 2151.23(B)(2). A finding of paternity facilitates the adoption proceedings because it helps determine the extent to which a putative father retains the right to object. In this case, the Does do not dispute that Judge Kennedy had jurisdiction to grant Whitrock's request for genetic testing.

{¶ 23} Third, when it comes to preadoption placement of a child, the jurisdiction of the probate court trumps that of the juvenile court. In *Allen Cty.*, we held that the probate court had the final say over the child's preadoption placement notwithstanding the fact that the juvenile court had already made placement orders when the child was declared to be abused or neglected. *Id.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, at ¶ 40.

{¶ 24} Thus, *M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, and *Allen Cty.* together establish that Judge Kennedy properly exercised juvenile-court jurisdiction when she ordered genetic testing, but once that process was complete, Judge Kennedy's juvenile-court jurisdiction over the child became subordinate to the Van Wert Probate Court's. However, the evidence and briefs submitted in this case establish that Judge Kennedy continued to exercise juvenile-

court jurisdiction after ordering the testing: Judge Kennedy lifted the stay, appointed a guardian ad litem to ascertain the best interests of the child, and apparently intends to rule on Whitrock's motion for parenting time once the guardian ad litem's report is completed.

{¶ 25} The issue, then, is whether the probate court's having exclusive jurisdiction over H.P.'s preadoption placement prevents Judge Kennedy from exercising her juvenile-court jurisdiction to issue temporary orders permitting Whitrock to have parenting time with H.P. We instructed the parties to brief this question when we issued the alternative writ. 167 Ohio St.3d 1464, 2022-Ohio-2490, 191 N.E.3d 443.

### D. Temporary orders issued by Judge Kennedy would interfere with the Van Wert County Probate Court's exclusive jurisdiction

{¶ 26} Judge Kennedy asserts that she has jurisdiction to appoint a guardian ad litem "to assist [the] court in its determination of the best interest of [the] child, the very crux of what a Juvenile Court is authorized to do." And if Judge Kennedy grants Whitrock parenting time based on the guardian's report and recommendation, that decision would presumably rest on the assessment of H.P.'s best interests. But the probate court is also required to base its rulings on the best interests of the child. *See* R.C. 5103.16(D)(2) (when preadoption placement is not made by a public children-services agency, the probate court must determine whether home placement is in the best interest of the child); R.C. 3107.14(C) (before granting a final adoption order, the probate court must determine whether the adoption is in the child's best interest). Therefore, any juvenile-court order granting Whitrock parenting time that is premised on the child's best interest would necessarily interfere with the probate court's assessment of the same issue. In other words, if awarding preadoption parenting time to Whitrock is in H.P.'s best interest, the probate court may take that into account.

{¶ 27} Judge Kennedy contends that she must make that assessment because the Van Wert County Probate Court denied Whitrock's motion for leave to intervene. According to Judge Kennedy, "[t]he Journal Entry of Placement has not severed [Whitrock's] parenting rights and as such he is entitled to his residual parental rights which include the right of reasonable visitation *which he cannot obtain through the Van Wert Probate Court where his intervention into the case was denied*." (Emphasis added.) But Judge Kennedy has not shown that the Van Wert Probate Court's denial of Whitrock's motion to intervene can create juvenile-court jurisdiction that she does not otherwise have. Whitrock's remedy was to appeal the denial of his intervention request. *See State ex rel. Caskey v. Gano*, 2d Dist. Greene No. 11-CA-51, 2011-Ohio-6144, ¶ 13 (legal custodian's request for a writ of mandamus to compel probate court to grant her request to intervene in adoption proceeding denied because she had an adequate remedy by way of appeal to contest the adoption "and her exclusion from those proceedings").

{¶ 28} We hold that Judge Kennedy may not continue to exercise jurisdiction over Whitrock's petition to allocate parental rights and his request for a temporary order of parenting time.

### III. Conclusion

{¶ 29} Based on the foregoing, we grant the requested writ of prohibition.

Writ granted.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., dissents.

————————————

John C. Huffman, for relator Josephine Davis.

Jerry M. Johnson and Christine M. Bollinger, for relators John Doe and Jane Doe.

Eric C. Stewart, Logan County Prosecuting Attorney, for respondents.

———————————