**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.B. v. Brown*, Slip Opinion No. 2025-Ohio-4484.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4484

THE STATE EX REL. T.B. ET AL. *v.* BROWN, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.B. v. Brown*, "Slip Opinion No." 2025-Ohio-4484.]**

*Prohibition—Mandamus—Adoption—A juvenile court's continuing jurisdiction to issue orders under R.C. 2151.353 and 2151.417 is not superseded by the filing of an adoption petition involving the same child*—State ex rel. Davis v. Kennedy *and* In re Adoption of Ridenour *distinguished—Proposed adoptive parents failed to show that juvenile-court magistrate's prospective consideration and resolution of biological mother's visitation motion is unauthorized by law and that juvenile-court judge has a clear legal duty to vacate his judgment entry lifting stay on the juvenile-court proceedings, reinstating the biological mother's motion, and ordering that it be heard by the magistrate—Writs denied.*

(No. 2025-0361—Submitted August 19, 2025—Decided October 1, 2025.)

IN PROHIBITION and MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Relators, T.B. and A.B., filed this original action in prohibition and mandamus against respondents, Judge James W. Brown and Magistrate Zeboney Barrañada of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch ("the juvenile court"). Relators' action concerns the interplay between the statutory jurisdiction of the juvenile court and the statutory jurisdiction of the Franklin County Court of Common Pleas, Probate Division ("the probate court").

{¶ 2} Relators are the proposed adoptive parents of Z.B., a minor child. They assert that Judge Brown acted without jurisdiction when he, in a March 3, 2025 judgment entry, lifted a stay on the juvenile-court proceedings, reinstated Z.B.'s birth mother's motion seeking visitation time, and ordered the motion to be heard by Magistrate Barrañada. Relators argue that because their adoption petition is pending in the probate court, the probate court's exclusive jurisdiction over adoption matters divests the juvenile court of its jurisdiction over Z.B.'s care, custody, and placement. Relators seek (1) a writ of prohibition preventing Magistrate Barrañada from holding a hearing on Z.B.'s birth mother's motion for visitation time and (2) a writ of mandamus compelling Judge Brown to vacate his March 3, 2025 judgment entry. We granted an alternative writ, ordering the parties to file any evidence they intended to present and to submit briefs. 2025-Ohio-1042. In addition to their merit brief, respondents filed a motion to file under seal all evidence submitted in the case.

{¶ 3} For the reasons set forth below, we grant respondents' motion to file evidence under seal and we deny both the writ of prohibition and the writ of mandamus.

## I.  FACTS AND PROCEDURAL HISTORY
### A.  Juvenile-court and probate-court proceedings

{¶ 4} Z.B. was born in September 2016 to mother K.T.  A few months later, the National Youth Advocate Program filed a complaint in juvenile court alleging that Z.B. had tested positive for various illicit substances, including cocaine, opiates, and marijuana, and seeking a determination that Z.B. was an abused, neglected, and dependent child under R.C. 2151.03(D), 2151.03(A)(2), and 2151.04(C), respectively.  The juvenile court found Z.B. to be an abused, neglected, and dependent child as defined in R.C. Ch. 2151, made him a ward of the juvenile court, and committed him to the temporary custody of C.S., his maternal great-great-grandmother.[1]  C.S. received legal custody of Z.B. in October 2017 when the juvenile court issued a dispositional order under R.C. 2151.353(A)(3).

{¶ 5} Relator T.B. is Z.B.'s great-granduncle.  Under a memorandum of agreement, T.B. and his wife, relator A.B., were awarded co-legal custody of Z.B. with C.S. in July 2018.

{¶ 6} Approximately a year later, relators filed a petition in the probate court to adopt Z.B., which they amended shortly thereafter.  While the adoption petition was pending in the probate court, Z.B.'s birth mother, K.T., filed a motion in the juvenile court, seeking visitation time with Z.B. (the "visitation motion").  In March 2022, a juvenile-court magistrate ordered biweekly supervised visitation between K.T. and Z.B.  K.T.'s visitation with Z.B. was maintained and increased in December 2022.  In April 2023, a juvenile-court magistrate issued an order permitting "alternative supervision methods . . . to be paid for by" K.T.

---

1. The magistrate's judgment entry refers to C.S. as Z.B.'s maternal great-grandmother.  The family tree filed in connection with relators' adoption petition indicates that C.S. is in fact Z.B.'s maternal great-great-grandmother.

**{¶ 7}** In May 2023, a probate-court magistrate recommended that relators' adoption petition be denied.[2] *In re Adoption of Z.B.*, 2024-Ohio-4644, ¶ 13 (10th Dist.). The probate court adopted the magistrate's recommendation over relators' objections, and relators appealed. *Id.* at ¶ 13-14. The Tenth District Court of Appeals reversed the probate court's judgment and remanded the matter to that court in September 2024, finding that the probate court had failed to consider all statutory best-interest factors in denying relators' adoption petition. *Id.* at ¶ 24-26; *see* R.C. 3107.161(B) (listing relevant factors a court "shall consider" when making "a determination in a contested adoption concerning the best interest of a child").

**{¶ 8}** The juvenile court stayed its proceedings on September 30, 2024, pending the probate court's ruling on remand. On March 3, 2025, on K.T.'s motion, Judge Brown lifted the juvenile-court stay, reinstated K.T.'s visitation motion, and scheduled the matter to be heard by Magistrate Barrañada. *In re Z.D.*, Franklin C.P. No. 17JU-01-334 (Mar. 3, 2025). Judge Brown reasoned in his order that "the Probate and Juvenile Courts have jurisdiction" and that the "Juvenile Court has the exclusive jurisdiction to address issues of visitation." *Id.*

## B. Relators' original action

**{¶ 9}** Relators filed this original action in this court on March 12, 2025. They argue that the juvenile court lacks jurisdiction over K.T.'s visitation motion while their adoption petition is pending in the probate court. Relators seek (1) a writ of prohibition barring Magistrate Barrañada from holding a hearing on K.T.'s visitation motion and (2) a writ of mandamus compelling Judge Brown to vacate his March 3, 2025 judgment entry lifting the stay on the juvenile-court proceedings,

---

2. Neither relators nor respondents filed evidence regarding the probate court's action on relators' adoption petition or the outcome on appeal. Instead, relators request that this court take judicial notice of the facts stated in *In re Adoption of Z.B.*, 2024-Ohio-4644 (10th Dist.). Respondents do not oppose this request, and themselves cite *In re Adoption of Z.B.* in their merit brief's recitation of facts. Because these facts are not in dispute and are relied on by both parties, we construe the facts of *In re Adoption of Z.B.* as an agreed statement of facts under S.Ct.Prac.R. 12.06(A).

reinstating K.T.'s visitation motion, and ordering that the motion be heard by Magistrate Barrañada.

{¶ 10} We ordered respondents to file an expedited response to relators' complaint. 2025-Ohio-844. Respondents moved to dismiss the complaint under Civ.R. 12(B)(6) on March 17, and relators timely filed a response in opposition. We denied respondents' motion, ordered respondents to answer the complaint, and granted an alternative writ, ordering the submission of evidence and briefs. 2025-Ohio-1042.

{¶ 11} On April 11, respondents filed a motion to file evidence under seal, which relators have not opposed. Relators' and respondents' submissions of evidence were placed under seal pending our ruling on that motion. *See* S.Ct.Prac.R. 3.02(A)(1)(b).

## II. ANALYSIS

### A. Motion to file under seal

{¶ 12} Respondents have moved to seal "all records and evidence that have been filed and will be filed in this case." Respondents contend that "the details of the adoption proceedings and the records submitted in the juvenile case should not be a matter of public record."

{¶ 13} Under Sup.R. 45(A) and S.Ct.Prac.R. 3.02(A)(1)(b), documents filed in this court are presumed accessible to the public. Nevertheless, we must restrict public access to a case document if we find by clear and convincing evidence that "the presumption of allowing public access is outweighed by a higher interest." Sup.R. 45(E)(2). In making that determination, we must consider: "(a) [w]hether public policy is served by restricting public access; (b) [w]hether any state, federal, or common law exempts the document or information from public access; [and] (c) [w]hether factors that support restriction of public access exist, including risk of injury to persons [and] individual privacy rights and interests." *Id.*

{¶ 14} The evidence filed in this matter includes records from juvenile-court case No. 17JU-01-334 and probate-court case No. 599040, both of which concern Z.B., a minor child. Under R.C. 3107.17(B), information contained in a record "pertaining to an adoption" generally may not be revealed without a court's consent. And under Sup.R. 44, documents such as "[g]uardian ad litem reports," "[h]ome investigation reports," and "[c]hild custody evaluations and reports" are excepted from the definition of "case document" in a juvenile court. Sup.R. 44(C)(2)(h). Likewise excepted from the definition of "case document" are personal identifiers, such as "a juvenile's name in an abuse, neglect, or dependency case." Sup.R. 44(C)(2)(b) and (H).

{¶ 15} Because the evidence filed in this matter is replete with references to Z.B.'s full name, records pertaining to Z.B.'s adoption, and various documents filed in the juvenile court or the probate court, including guardian-ad-litem reports and documents related to Z.B.'s custody, we conclude that respondents have shown by clear and convincing evidence that the presumption of public access is outweighed by a higher interest. *See* Sup.R. 45(E)(2). Moreover, although redaction of such documents might be the "least restrictive means available," Sup.R. 45(E)(3), such redaction here would make many of the documents effectively unintelligible.

{¶ 16} For these reasons, we grant respondents' motion and order that the evidence filed in this matter be maintained under seal.

**B. Relators are not entitled either to a writ of prohibition or to a writ of mandamus**

{¶ 17} To be entitled to a writ of prohibition, relators must establish that (1) respondents have exercised, or are about to exercise, judicial power, (2) the exercise of judicial power is unauthorized by law, and (3) denying the writ would result in injury for which there is no adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13. To be entitled to a

writ of mandamus, relators must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Husted v. Brunner*, 2009-Ohio-4805, ¶ 11.

{¶ 18} Relators must establish their entitlement to relief in prohibition and mandamus by clear and convincing evidence. *See State ex rel. Kilby v. Summit Cty. Bd. of Elections*, 2012-Ohio-4310, ¶ 27. Clear and convincing evidence is more than a preponderance of the evidence, though less than proof beyond a reasonable doubt. *State ex rel. Husted v. Brunner*, 2009-Ohio-5327, ¶ 18. Such evidence "'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 19} Relators seek a writ of prohibition to prevent Magistrate Barrañada from holding a hearing on K.T.'s visitation motion. They also seek a writ of mandamus compelling Judge Brown to vacate the March 3, 2025 judgment entry lifting the stay on the juvenile-court proceedings, reinstating K.T.'s visitation motion, and ordering that the motion be heard by Magistrate Barrañada. Relators argue that they are entitled to relief in prohibition and in mandamus because the probate court's exclusive jurisdiction over relators' pending adoption petition divests the juvenile court of jurisdiction to hear K.T.'s visitation motion. Because relators have failed to show that (1) Magistrate Barrañada's prospective exercise of judicial power is unauthorized by law and (2) Judge Brown has a clear legal duty to vacate his March 3, 2025 judgment entry, relators are not entitled to either writ.

{¶ 20} As this court has recognized, a juvenile court and a probate court may sometimes exercise jurisdiction over different matters relating to the same child. *See, e.g.*, *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas, Probate Div.*, 2016-Ohio-7382, ¶ 39-40. Among other things, a juvenile court has "exclusive original jurisdiction . . . [c]oncerning any child

who . . . is alleged . . . to be a[n] . . . abused, neglected, or dependent child." R.C. 2151.23(A)(1). Once a child has been determined to be abused, neglected, or dependent, a juvenile court may make various orders of disposition, including committing the child to the legal custody of any "person who, prior to the dispositional hearing, files a motion requesting legal custody." R.C. 2151.353(A)(3). A juvenile court retains jurisdiction over any child for whom it orders a disposition under R.C. 2151.353(A) "until the child attains the age of eighteen years . . . or the child is adopted and a final decree of adoption is issued." R.C. 2151.353(F)(1).

{¶ 21} A probate court, on the other hand, exercises "original and exclusive jurisdiction over adoption proceedings." *In re Adoption of Pushcar*, 2006-Ohio-4572, ¶ 9. A probate court's exclusive adoption jurisdiction also extends to preadoption placement. *Allen Cty.* at ¶ 36. When a probate court has ordered preadoption placement under R.C. 5103.16(D), the exclusive jurisdiction of that court supersedes the continuing jurisdiction of a juvenile court. *See Allen Cty.* at ¶ 36.

{¶ 22} The prospective action by the juvenile court that relators challenge here—consideration, and potential resolution, of K.T.'s visitation motion—is within the continuing jurisdiction of the juvenile court. "Any court that issues a dispositional order pursuant to [R.C.] 2151.353 . . . may review at any time the child's placement or custody arrangement." R.C. 2151.417(A). A juvenile court may require the child's parent, guardian, or custodian "to take any reasonable action that the court determines is necessary and in the best interest of the child or to discontinue any action that it determines is not in the best interest of the child." *Id.*

{¶ 23} "There is no provision within R.C. Chapter 2151 addressing motions for visitation filed by a parent who has lost legal custody of a child after a finding

of dependency." *In re C.J.*, 2011-Ohio-3366, ¶ 15 (4th Dist.).[3] However, various Ohio courts of appeals have concluded that resolving issues of visitation falls within a juvenile court's jurisdiction under R.C. 2151.353 and 2151.417. *See, e.g.*, *C.J.* at ¶ 15 (holding that a juvenile court may "modify a dispositional order to grant parental visitation following a finding of dependency" based on "the totality of circumstances as they relate to the child's best interest"); *In re C.H.*, 2011-Ohio-1386, ¶ 13-15 (10th Dist.) (holding that a juvenile court's suspension of visitation in a dependency proceeding is governed by R.C. 2151.417(A)); *see also In re J.S.*, 2012-Ohio-4461, ¶ 27-31 (11th Dist.) (exploring the standard applicable to a visitation motion under R.C. Ch. 2151). As noted above, this jurisdiction expires when the child turns the age of 18 or is adopted and a final decree of adoption is issued. R.C. 2151.353(F)(1).

{¶ 24} When a court has been granted general subject-matter jurisdiction to hear a class of case, that court may still lack jurisdiction over a particular case if that jurisdiction is explicitly removed by, for example, another statute. *See, e.g.*, *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9 ("when we have found that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction"). But a juvenile court's continuing jurisdiction to issue orders under R.C. 2151.353 and 2151.417 is not superseded merely by the filing of an adoption petition pertaining to the same child, and the authorities cited by relators do not hold otherwise.

{¶ 25} In support of their argument, relators rely primarily on our decision in *State ex rel. Davis v. Kennedy*, 2023-Ohio-1593. In *Davis*, the biological mother

---

3. Although parents who lose legal custody of an abused, neglected, or dependent child typically retain "residual parental rights," including, for example, the right to "reasonable visitation," *see* R.C. 2151.353(A)(3)(c), R.C. Ch. 2151 neither defines "reasonable visitation" nor "provide[s] a definitive test or set of criteria to apply in determining whether, and on what terms, to grant visitation rights to the noncustodial parents." *In re S.S.*, 2022-Ohio-520, ¶ 28 (8th Dist.).

and the prospective adoptive parents of the subject child sought a writ of prohibition precluding the Logan County Juvenile Court from exercising jurisdiction over the biological father's petition to allocate parental rights and request for a temporary order of parenting time. *See id.* at ¶ 8-9. We granted the writ of prohibition, *id.* at ¶ 29, having framed the issue as "whether [a] probate court's having exclusive jurisdiction over [the child's] preadoption placement prevents [a juvenile court] from exercising . . . jurisdiction to issue temporary orders permitting [the father] to have parenting time," *id.* at ¶ 25. We reasoned that a juvenile-court order regarding parenting time "would presumably rest on the assessment of [the child's] best interests." *Id.* at ¶ 26. This determination would, in turn, "necessarily interfere" with a probate court's assessment of the same issue because that court would *also* be required to base its rulings on the best interests of the child when ordering a preadoption placement. *Id.*

{¶ 26} Relators argue that *Davis* is "indistinguishable" from this case and that *Davis* therefore controls the outcome here. But relators overlook a key distinction between the facts in *Davis* and the facts of this case. In *Davis*, the Van Wert County Probate Court had already exercised its exclusive jurisdiction—and thereby made a best-interest determination—by issuing a preadoption-placement order awarding "care, custody, and control" of the child to the proposed adoptive parents for purposes of adoption, *id.* at ¶ 3; *see id.* at ¶ 26; *see also* R.C. 5103.16(D)(2) (requiring that a probate court, in making a preadoption placement, determine that "the proposed placement is in the best interest of the child"). The Logan County Juvenile Court's prospective resolution of the father's request for a temporary order of parenting time in *Davis* therefore would have directly conflicted with the Van Wert County Probate Court's existing placement order.

{¶ 27} Here, on the other hand, relators acknowledge that the preadoption-placement provisions of R.C. 5103.16(E) do not apply, because relators, the proposed adoptive parents, were already the legal custodians of Z.B. according to

a lawful order of the juvenile court. R.C. 5103.16(E)(1) ("This section does not apply to an adoption by . . . a legal custodian . . . ."); R.C. 5103.16(E)(2)(a) ("As used in this section . . . '[l]egal custodian' means a person who has been granted the legal custody of a child by a court of competent jurisdiction."). Thus, the probate court in this case did not issue a preadoption-placement order, and the juvenile court's resolution of K.T.'s visitation motion would therefore not conflict with any existing order of the probate court. *Davis* is not determinative.

{¶ 28} In reality, relators implicitly advocate for an extension of *Davis*—they ask this court to hold that a juvenile court may never undertake any best-interest determination (for example, in the context of a motion for visitation) once an adoption petition has been filed in a probate court. But relators cite no case—and we have found none—that supports so broad a rule.

{¶ 29} Relators' remaining arguments are also unpersuasive. Relators contend, relying on *In re Adoption of Ridenour*, 61 Ohio St.3d 319 (1991), that the juvenile court's resolution of K.T.'s visitation motion would at least *prospectively* interfere with the probate court's determination of Z.B.'s best interest in connection with the pending adoption proceedings. Not so.

{¶ 30} In *Ridenour*, the Fairfield County Juvenile Court awarded preadoption-visitation time to a child's grandparents and ordered that "such visitation order be maintained subsequent to such adoption." *Id.* at 324. This court held that the Fairfield County Juvenile Court's attempt to place postadoption conditions on visitation "constitute[d] an unauthorized infringement on the jurisdiction and judicial discretion of the [Fairfield County] [P]robate [C]ourt" and that a probate court is "empowered by the legislature to reach adoption decisions on the basis of the best interests of the child at the time the petition is filed." *Id.* That holding has no application here, because relators have submitted no evidence to suggest that the juvenile court has ordered, or intends to order, that K.T. maintain a right of visitation even if relators' adoption petition is granted. And, in any event,

the General Assembly has already provided that the continuing jurisdiction of a juvenile court ceases once a final adoption decree has been issued. R.C. 2151.353(F)(1).

{¶ 31} Finally, relators argue that the juvenile court lacks jurisdiction because Z.B. is a ward of the probate court. To be sure, the exclusive original jurisdiction of a juvenile court permits that court to "determine the custody of any child *not a ward of another court of this state*." (Emphasis added.) R.C. 2151.23(A)(2). But for two reasons, this argument fails to change the outcome here.

{¶ 32} First, the jurisdiction exercised by the juvenile court in this case is the continuing jurisdiction provided in R.C. 2151.353 and 2151.417, rather than the original exclusive jurisdiction conferred in R.C. 2151.23(A)(2). Second, and relatedly, K.T.'s visitation motion does not require the juvenile court to "determine the custody" of Z.B. "Visitation and custody are distinct legal concepts," *State ex rel. Jones v. Paschke*, 2024-Ohio-135, ¶ 14 (holding that a grandparent's complaint seeking visitation with a grandchild is "not a matter involving the determination of custody"), and K.T.'s motion concerns only the former.

{¶ 33} Relators have failed to show by clear and convincing evidence that Magistrate Barrañada's prospective exercise of judicial power—i.e., the consideration and resolution of K.T.'s visitation motion—is unauthorized by law, and relators are therefore not entitled to a writ of prohibition. For the same reasons, relators have failed to show by clear and convincing evidence that Judge Brown has a clear legal duty to vacate his March 3, 2025 judgment entry lifting the stay on the juvenile-court proceedings, reinstating K.T.'s visitation motion, and ordering that the motion be heard by Magistrate Barrañada. Relators are therefore not entitled to a writ of mandamus.

{¶ 34} Any conflict in this case between, on the one hand, the continuing jurisdiction of the juvenile court over Z.B.—who has been determined to be a

12

neglected, abused, and dependent child—and, on the other hand, the exclusive jurisdiction of the probate court over adoption matters involving Z.B., is merely speculative at this juncture.

### III. CONCLUSION

{¶ 35} For these reasons, we grant respondents' motion to file evidence under seal, order that the evidence filed in this matter be maintained under seal, and deny both the writ of prohibition and the writ of mandamus.

Writs denied.

———————————

Marc Fagin, for relators.

Shayla D. Favor, Franklin County Prosecuting Attorney, and Dexter W. Dorsey, Assistant Prosecuting Attorney, for respondents.

———————————